Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Eugene Zinovyev (SBN 267245)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tiffeny Nance, on behalf of herself and the Class Members, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **(1) Failure to Authorize and Permit and/or Make Available Meal Periods (Cal. Lab. Code §§ 226.7 and 512);** |
| RYDER INTEGRATED LOGISTICS, INC., a Delaware Corporation; and RYDER SYSTEM, INC., a Florida Corporation, | **(2) Failure to Authorize and Permit and/or Make Available Rest Periods (Cal. Lab. Code § 226.7);** |
| Defendants. | **(3) Failure to Pay for All Hours Worked (Cal. Lab. Code § 204);** |
| | **(4) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 558, 1182.12, 1194, 1197, and 1197);** |
| | **(5) Failure to Pay Overtime Wages (Cal. Lab. Code § 510, 1198);** |
| | **(6) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);** |
| | **(7) Waiting Time Penalties (Cal. Lab. Code §§ 201-203); and** |
| | **(8) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).** |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff Tiffeny Nance brings this class action on behalf of herself and other similarly situated individuals who have worked for Ryder Integrated Logistics, Inc. ("Ryder Integrated"), Ryder System, Inc. ("Ryder System") (collectively "Employer(s)" and "Defendant(s)") as non-exempt, hourly employees, including but not limited to laborers, material, cargo and warehouse handlers, forklift operators, shipping and receiving clerks, clamp operators, quality auditors, storeroom attendants, trailer inspectors, warehouse coordinators, wave and inventory clerks, warehouse sanitation associates, and other employees with similar job duties ("Class Members") to challenge Defendants' violations of California wage and hour laws.

2.     This class action against Defendants challenges their policies and practices of: (1) failing to authorize and permit Plaintiff and the Class Members to take meal periods to which they are entitled by law and failing to pay premium compensation for missed meal periods; (2) failing to authorize and permit Plaintiff and the Class Members to take rest periods to which they are entitled by law and failing to pay premium compensation for missed rest periods; (3) failing to compensate Plaintiff and Class Members for all hours worked; (4) failing to pay Plaintiff and Class Members minimum wage for all hours worked; (5) failing to pay Plaintiff and Class Members overtime wages; (6) failing to provide Plaintiff and Class Members true and accurate itemized wage statements; (7) failing to pay Plaintiff and Class Members all wages owed during employment and following separation from employment; and (8) unfair business practices.

3.     As a result of these violations, Plaintiff seeks full compensation on behalf of herself and all others similarly situated for all damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.

4.     Defendants are also liable for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL").

5.     Plaintiff also seeks declaratory and equitable relief, including restitution.

6.     Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Cal. Lab. Code, and Cal. Code Civ. Proc. § 1021.5.

## **PARTIES**

7.    Plaintiff and the Class Members are current and former hourly non-exempt employees who work for Defendants as, among other positions, laborers, material, cargo and warehouse handlers, forklift operators, shipping and receiving clerks, clamp operators, quality auditors, storeroom attendants, trailer inspectors, warehouse coordinators, wave and inventory clerks, warehouse sanitation associates, and other employees with similar job duties, in California[1].

8.    Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

9.    Plaintiff was employed by Defendants as a Material Handler from approximately September 2022 through November 2022. Plaintiff worked for Defendants in Stockton, California.

10.    Plaintiff is informed, believes, and alleges that Ryder Integrated Logistics, Inc. is a Delaware Corporation headquartered in Miami, Florida. Ryder Integrated is registered to do business in California, does business in California, and employs hourly non-exempt employees, including Plaintiff and the Class Members, in California.

11.    Plaintiff is informed, believes, and alleges that Ryder System, Inc. is a Florida Corporation headquartered in Miami, Florida. Ryder System does business in the State of California notably through its subsidiary Ryder Integrated and employs hourly non-exempt employees, including Plaintiff and the Class Members, in California.

12.    At all relevant times, Defendants have done business under the laws of the California, have had places of business in California, including in this judicial district, and have employed Plaintiff and Class Members in this judicial district.  At all relevant times, Defendants are "persons" as defined in Cal. Lab. Code § 18 and Cal. Bus. & Prof. Code § 17201. Defendants are also "employers" within the meaning of the Labor Code and IWC Wage Orders.

---

[1] Although Plaintiff is a former employee, Class Members include current and former employees. For ease of discussion, the allegations herein are made in the present tense.

**JURISDICTION AND VENUE**

13.     This Court has original federal jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in an amount that exceeds $75,000.00, and the matter in controversy is between citizens of different States. This court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

**FACTUAL ALLEGATIONS**

15.     Ryder Integrated offers logistics, warehousing, shipping, distribution, freight forwarding, brokerage, storage, cargo, supply chain management services, and transportation services. Ryder Integrated is a subsidiary of Ryder System.

16.     Ryder System is a major transportation and logistics company that specializes in fleet management, supply chain management, and dedicated transportation management.

17.     Plaintiff and Class Members are current and former non-exempt hourly employees who worked for Defendants in California. These employees provide support and assistance for Defendants' warehousing and logistics operations. Among other tasks, Plaintiff and Class Members are responsible for unloading, stocking, labeling, and sorting inventory, cleaning warehouses, operating forklifts, and inspecting deliveries at Defendants' facilities.

18.     Plaintiff worked for Defendants as a Material Handler in Stockton, California, from approximately September 2022 through November 2022. Plaintiff's primary duties includes, but were not limited to, operating forklifts, inspecting deliveries, and unloading, stocking, and sorting inventory.

19.     Plaintiff was classified as an hourly non-exempt employee and was paid an hourly rate of $20.65. Plaintiff usually worked eight to ten hours per shift, five shifts per week. Plaintiff worked approximately 40 to 50 hours or more per week.

20.    Defendants regularly fail to provide Plaintiff and Class Members timely and compliant meal periods. Defendants' policies, practices, and procedures cause Plaintiff and Class Members to routinely receive late meal periods well after their fifth hour of work. Rather than relieving Plaintiff and Class Members from their tasks to provide timely meal periods, Defendants require Plaintiff and Class Members to continue working until a time Defendants deem appropriate for Plaintiff and Class Members to take their meal periods. Further, Defendants require Plaintiff and Class Members to remain on-call during their meal periods by demanding Plaintiff and Class Members keep their cellphones with them to respond to supervisors. Therefore, Plaintiff and Class Members are not fully relieved of their duties and remain under the direction and/or control of Defendants during their unpaid meal periods. Plaintiff and Class Members do not receive premium pay for these non-compliant meal periods.

21.    As a result, Plaintiff and Class Members are denied compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed resulting from the additional off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

22.    Further, Defendants fail to provide Plaintiff and Class Members compliant second meal periods when they work shifts lasting at least ten hours or longer. Defendants' policies, practices, and procedures require Plaintiff and Class Members to systematically skip their second meal periods yet, do not provide them with premium payments for such missed second meal periods. Plaintiff and Class Members are not authorized to take a second meal period before the tenth hour of work, nor are Plaintiff and Class Members instructed that they have the option to take a second meal period when they have previously signed a document waiving their second meal periods.

23.    Plaintiff is informed, believes, and thereon alleges that Defendants' same second meal period policies and practices are the same or substantially similar across all Defendants' facilities throughout California.

24.    Similarly, Plaintiff and Class Members are routinely denied compliant rest periods. Defendants frequently require Plaintiff and Class Members to work through their rest periods if there is time-sensitive work to be completed, such as loading and/or unloading shipments. For

example, Defendants prevented Plaintiff from taking roughly 50% to 70% of the rest periods she was entitled to during her employment with Defendants because Defendants demanded she continue loading and/or unloading truckloads through her rest periods. Plaintiff and Class Members do not receive premium payment for these noncompliant rest periods.

25. In addition to the above, Plaintiff and Class Members' wage statements are untrue and inaccurate as they fail to include payment for time spent on-call during their unpaid meal periods, as well as the premium payments for noncompliant first meal periods, second meal periods, and rest periods.

26. Consequently, Plaintiff and Class Members did not receive all wages during employment and following separation from employment, including payment for time spent under Defendants direction and control during meal periods, as well as premium payments for noncompliant first meal periods, second meal periods, and rest periods.

27. Plaintiff is informed, believes, and thereon alleges that Defendants' policies and practices have at all relevant times been substantially the same for all non-exempt, hourly employees, including Plaintiff and Class Members, regardless of Defendants' facility locations in California.

28. Class Members were and are employed by Defendants and performed work materially similar to Plaintiff.

29. Class Members report to facilities owned, operated, or managed by Defendants to perform their jobs.

30. Class Members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

31. Class Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

32. At the end of each pay period, Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

33. Defendants pay Class members on an hourly rate basis.

34.    Defendants' method of paying Plaintiff and Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

35.    Defendants' unlawful conduct has been widespread, repeated, and consistent throughout its facilities' locations in California. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

36.    Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTIONS

37.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

38.    Plaintiff brings this case as a class action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. Proc. 23. The Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt workers employed by Ryder Integrated Logistics, Inc. and/or Ryder System, Inc. throughout California any time starting four years prior to the filing of this Complaint until resolution of this action. ("the Class").

39.    This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed putative class is easily ascertainable.

40.    **Numerosity**: The potential members of the Class are so numerous that joinder of all the members of the class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

41.     **Commonality**:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

a.  Whether Defendants fail to authorize and permit, make available, and/or provide Class Members with compliant meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

b.  Whether Defendants fail to authorize and permit, make available, and/or provide Class members with compliant second meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

c.  Whether Defendant fails to compensate Class Members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

d.  Whether Defendants fail to provide Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

e.  Whether Defendants fail to pay all wages owed upon Class members' separation of employment;

f.  Whether Defendants violate Cal. Bus. & Prof. Code §§ 17200 *et seq*., by:

(a) failing to authorize and permit, make available, and/or provide Class Members with compliant meal periods to which they are entitled;

(b) failing to authorize and permit, make available, and/or provide Class members with compliant second meal periods to which they are entitled;

(c) failing to compensate Class Members for all hours worked, including at minimum wage and at overtime rate wage compensation;

(d) failing to provide Class Members with timely, accurate itemized wage statements; and

(e) failing to pay Class members for all wages owed upon separation of employment.

g.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

42.    **Typicality**:  Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

43.    **Adequacy of Representation**:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

44.    **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

45.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

46.    If each individual Class member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial and legal resources.

47.    Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

48.    Plaintiff also seeks certification of the class to the extent applicable under Fed. R. Civ. Proc. 23(b)(2) on the grounds that the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**FIRST CAUSE OF ACTION**

**Failure to Authorize and Permit and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(On Behalf of the Class)**

49.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

50.    Defendants do not provide Plaintiff and Class Members with duty-free and timely thirty-minute meal periods during which Plaintiff and Class Members should be completely relieved of any duty.

51.    Defendants systematically fail to authorize, permit and/or make available compliant meal periods to Plaintiff and Class Members. Defendants' policies, practices, and procedures cause Plaintiff and Class Members to routinely receive late meal periods well after their fifth hour of work. Rather than relieving Plaintiff and Class Members from their tasks to provide timely meal periods, Defendants require Plaintiff and Class Members to continue working until a time Defendants deem appropriate for Plaintiff and Class Members to take their meal periods.

52.    Further, Defendants require Plaintiff and Class Members to remain on-call during their meal periods by demanding they keep their cellphones with them to respond to supervisors. Therefore, Plaintiff and Class Members are not fully relieved of their duties and remain under the direction and/or control of Defendants during their unpaid meal periods.

53.     Defendants also do not provide Plaintiff and Class Members with duty-free, uninterrupted, and timely thirty-minute second meal periods during which Plaintiff and Class Members should be completely relieved of any duty, by the end of the tenth hour of work.

54.     Despite long workdays often lasting over at least ten hours, Plaintiff and Class Members are systematically and routinely denied second meal periods for several reasons, including: (i) Defendants do not authorize, permit, and/or make available timely second meal periods to Plaintiff and Class Members; (ii) Plaintiff and Class Members are routinely too busy with work during the day to have time to take bona fide second meal periods; and (iii) Defendants do not give Plaintiff and Class Members the option to take a second meal period when they have previously signed a document waiving their second meal periods.

55.     Plaintiff and Class Members are not provided with one hour of premium pay for each instance they do not receive a compliant meal period and/or second meal period.

56.     Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal periods to its employees.  In particular, Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from providing untimely and/or on-duty meal periods. Further, Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

57.     Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a timely required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

58.     Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide uninterrupted meal periods and authorize and permit and/or make available to Plaintiff and Class Members the ability to take the off-duty second meal periods to which they are entitled.

59.     Defendants have also failed to pay Plaintiff and Class Members one hour of pay for each day a meal period is untimely and/or an off-duty meal period is denied.  Defendants' conduct

1  described herein violates Cal. Lab. Code §§ 226.7 and 512.  Therefore, pursuant to Cal. Lab. Code

2  § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to authorize

3  and permit and/or make available timely, off-duty meal periods and second meal periods, plus

4  interest, attorneys' fees, expenses and costs of suit.

5        60.     As a proximate result of the aforementioned violations, Plaintiff and Class Members

6  have been damaged in an amount according to proof at time of trial.

7        61.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

8  **SECOND CAUSE OF ACTION**

9  **Failure Authorize and Permit and/or Make Available Rest Periods**

10  **Pursuant to Cal. Lab. Code § 226.7**

11  **(On Behalf of the Class)**

12        62.     Plaintiff realleges and incorporates the foregoing paragraphs as though filly set forth

13  herein.

14        63.     Defendants routinely fail to authorize and permit rest periods to Plaintiff and Class

15  Members.

16        64.     Cal. Lab. Code § 226.7 and the applicable Wage Order also require employers to

17  authorize and permit employees to take ten (10) minutes of net rest time per (4) four hours or major

18  fraction thereof of work, and to pay employees their full wages during those rest periods. Unless

19  the employee is relieved of all duty during the rest period, the rest period is considered "on duty"

20  and does not qualify as a rest period under the applicable Wage Order.

21        65.     Under Cal. Lab. Code § 226.7(b) and the applicable IWC Wage Orders, an employer

22  who fails to authorize and permit a required rest period must, as compensation, pay the employee

23  one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest

24  period was not authorized and permitted.

25        66.     Despite these requirements, Defendants have knowingly and willfully refused to

26  perform their obligations to authorize and permit to Plaintiff and Class Members the ability to take

27  the rest periods to which they are entitled.

28

67.    Defendants frequently require Plaintiff and Class Members to work through their rest periods if there is time-sensitive work to be completed, such as loading and/or unloading shipments. For example, Defendants prevented Plaintiff from taking roughly 50% to 70% of the rest periods she was entitled to during her employment with Defendants because Defendants demanded she continue loading and/or unloading truckloads through her rest periods.

68.    Despite systematically failing to provide Plaintiff and Class Members compliant rest periods, Defendants do not provide Plaintiffs and Class Members requisite premium payments for these non-compliant rest periods.

69.    Defendants' conduct described herein is in violation of Cal. Lab. Code § 226.7. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class Members are entitled to one hour of premium pay for each failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses and costs of suit.

70.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

71.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION

**Failure to Pay for All Hours Worked**

**Pursuant to Cal. Lab. Code §§ 204, 1198**

**(On Behalf of the Class)**

72.    Plaintiff realleges and incorporates the foregoing paragraphs as though filly set forth herein.

73.    Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

74.    Cal. Lab. Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

75.    IWC Wage Order 9-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

76.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

77.    Defendants willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and Class Members for all hours worked or spent in Defendants' control.

78.    Defendants regularly require Plaintiff and the Class Members to remain under Defendants' direction and control without compensation. For instance, and as mentioned above, Defendants require Plaintiff and Class Members to remain on-call during their meal periods by demanding they keep their cellphones with them to respond to supervisors. Therefore, Plaintiff and Class Members are not fully relieved of their duties and remain under the direction and/or control of Defendants while clocked out during meal periods. Defendants do not compensate Plaintiff and Class Members for their time on duty during meal periods.

79.    As a result, Defendants fail to track Plaintiff and Class Members' actual hours worked, and consequently fail to pay Plaintiff and Class Members for all hours worked.

80.    Defendants require Plaintiff and Class Members to work off-the-clock without compensation.  In other words, Plaintiff and Class Members are forced to perform work for the benefit of Defendants without pay.

81.    In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and Class Members with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and Class Members actually work and fail to compensate them for all hours worked.

82.    Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and Class Members' rights. Plaintiff and Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

83.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

84.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**Pursuant to Cal. Lab. Code §§ 558, 1182.12, 1194, 1197, 1197.1, and 1198**

**(On Behalf of the Class)**

85.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

86.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00) commencing January 1, 2022.

87.    Cal. Lab. Code § 1197.1 provides, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties

imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

88.    Cal. Lab. Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

89.    IWC Wage Order 9-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

90.    Cal. Lab. Code § 558 provides in relevant part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

91.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

92.    Cal. Lab. Code § 1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

93.    Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the

statutory minimum wage. Plaintiff and Class Members routinely work time off-the-clock *i.e.,* while on-call during meal periods.

94. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

95. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### Pursuant to Cal. Lab. Code § 510

### (On Behalf of the Class)

96. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

97. Defendants do not compensate Plaintiff and Class Members with the appropriate overtime rate, as required by California law.

98. Cal. Lab. Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

99. The IWC Wage Order 9-2001(3)(A)(1) states:

> The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible

provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

100.    Cal. Lab. Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

101.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

102.    Defendants regularly do not compensate Plaintiff and Class Members for their overtime hours. For instance, Plaintiff and Class Members do not receive overtime compensation for time on-duty during their meal periods when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

103.    Plaintiff and Class Members work overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

104.    Defendants knowingly and willfully refuse to perform its obligation to provide Plaintiff and Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and Class Members in amounts to be determined according to proof at time of trial.

105. Defendants are liable to Plaintiff and Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

106. Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### Pursuant to Cal. Lab. Code § 226

### (On Behalf of the Class)

107. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

108. Defendants do not provide Plaintiff and Class Members with accurate itemized wage statements as required by California law.

109. Cal. Lab. Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

110. The IWC Wage Orders also establishes this requirement. (See IWC Wage Order 9-2001.)

111. Cal. Lab. Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

112.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff and Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders.  The wage statements Defendants provide their employees, including Plaintiff and Class Members, do not accurately reflect gross wages earned, total hours worked, overtime hours, or premium payments for noncompliant first meal periods, rest periods, and/or missed second meal periods.

113.    Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

114.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

### Waiting Time Penalties

### Pursuant to Cal. Lab. Code §§ 201-203

### (On Behalf of the Class)

115.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

116.    Defendants do not provide Class Members with their wages when due under California law after their employment with Defendants ends.

117.    Cal. Lab. Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

118.    Cal. Lab. Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72

hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

119. Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

120. Some of the Class Members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent under the direction and control for the benefit of Defendants during missed or interrupted first meal periods, rest periods, and/or missed second meal periods.

121. Defendants willfully refuse and continue to refuse to pay Class Members all the wages that are due and owing to them for the work performed and the resulting premium payments for missed or interrupted first meal periods, rest periods, and/or missed second meal periods, upon the end of their employment.  As a result of Defendants' actions, Plaintiff and Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

122. Defendants' willful failure to pay Plaintiff and Class Members the wages due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed Class members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

123. In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

124. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

//

//

//

//

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nance v. Ryder Integrated Logistics, Inc., et al.*

## **EIGHTH CAUSE OF ACTION**

### **Violation of Cal. Bus. & Prof. Code §§ 17200** *et seq.*

### **(On Behalf of the Class)**

125.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

126.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

127.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

128.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

129.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.    violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 9-2001 pertaining to meal and rest periods;

b.    violations of Cal. Lab. Code §§ 204, 225.5, 558, 1182.12, 1194, 1997, 1197.1, 1198 and IWC Wage Order 9-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

c.    violations of Cal. Lab. Code § 510 and IWC Wage Order 9-2001 pertaining to overtime;

d.    violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements; and

       e.     violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed during employment and following separation from employment.

130.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

131.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 et seq.  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

132.    Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

133.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable to them.

134.    Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated.  Plaintiff and Class Members seek and are entitled to unpaid wage, declaratory relief and all other equitable remedies owing to them.

135.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

136.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the Cal. Lab. Code and Cal. Bus. & Prof. Code;

b.    For a declaratory judgment that Defendants have violated the Cal. Lab. Code and public policy as alleged herein;

c.    For a declaratory judgment that Defendants have violated Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

d.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

e.    For an order awarding Plaintiff and Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

f.    For an order awarding Plaintiff and the Class members civil penalties pursuant to the Cal. Lab. Code, and provisions cited herein, with interest thereon;

g.    For an award of reasonable attorneys' fees as provided by the Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5 and/or other applicable law;

h.    For all costs of suit;

i.    For interest on any damages and/or penalties awarded, as provided by applicable law; and

j.    For such other and further relief as this Court deems just and proper.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nance v. Ryder Integrated Logistics, Inc., et al.*

1    Dated: March 13, 2023                   Respectfully Submitted,

2

3

4                                            Carolyn H. Cottrell
                                             Ori Edelstein
5                                            Eugene Zinovyev
                                             **SCHNEIDER WALLACE**
6                                            **COTTRELL KONECKY LLP**

7                                            *Attorneys for Plaintiff and the Putative Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nance v. Ryder Integrated Logistics, Inc., et al.*

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3    a jury.

4

5    Dated: March 13, 2023                    Respectfully Submitted,

6

7

8                                            Carolyn H. Cottrell
                                             Ori Edelstein
9                                            Eugene Zinovyev
                                             **SCHNEIDER WALLACE**
10                                           **COTTRELL KONECKY LLP**

11                                           *Attorneys for Plaintiff and the Putative Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28